**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                     **No. 29,094**

**EUGENIA SMITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant challenges the sufficiency of the evidence to support her conviction for battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24 (1971). We issued a calendar notice proposing to summarily affirm the district court.

Defendant filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**DISCUSSION**

Defendant continues to challenge the sufficiency of the evidence to support her conviction after a bench trial for battery upon a peace officer. [MIO 2-4] "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86. On appeal, "[w]e determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994).

The offense of battery upon a peace officer consists of "the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." Section 30-22-24(A). To convict Defendant of battery upon a peace officer, the State was required to prove beyond a reasonable doubt that (1) Defendant intentionally and unlawfully touched or applied force to Officer Earl Borden;

(2) Defendant's conduct caused an actual injury to Officer Borden, an actual threat to his safety, or a meaningful challenge to his authority; (3) Defendant acted in a rude, insolent, or angry manner; and (4) at the time, Officer Borden was a peace officer and was performing the duties of a peace officer. *See* UJI 14-2211 NMRA.

In satisfaction of these requirements, the State introduced evidence that Defendant was incarcerated at the time of the battery. [DS 2] Officer Borden had taken Defendant to the dentist and was returning her to the detention center when the incident occurred. [Id.] Officer Borden testified that when he attempted to return Defendant to her designated cell she refused to enter and slapped him across the face. [Id.] Defendant admitted that she slapped Officer Borden but testified that she was in pain and wanted to talk with the lieutenant. [DS 3]

In satisfaction of the first and second elements of the offense, the State presented evidence that Defendant intentionally and unlawfully applied force to Officer Borden by slapping him and that Defendant's conduct caused an actual injury and was a meaningful challenge to authority. *See State v. Padilla*, 1997-NMSC-022, ¶ 2, 123 N.M. 216, 937 P.2d 492 (holding that Section 30-22-24 "includes as unlawful only those acts that physically injure officers, that actually harm officers by jeopardizing their safety, or that meaningfully challenge their authority"). With respect to the first element, Officer Borden testified that Defendant slapped him when

he tried to return her to her cell. [RP 226] Defendant admitted to slapping the officer and admitted her conduct was wrong. [DS 3; RP 227-28] Turning to the second element, the State introduced evidence that Defendant's conduct caused an actual injury and was a meaningful challenge to authority. Officer Borden testified that the slap caused bruising and a headache. [RP 226] Another officer testified that Officer Borden's face had a red mark after the slap and turned black and blue the next day. [RP 227] In addition, evidence was introduced to prove that Defendant's conduct was a meaningful challenge to authority through testimony that Defendant slapped Officer Borden while he was trying to place her in her cell and that other officers had to take over to complete the task. [RP 226]

To satisfy the third element of acting in a rude, insolent, or angry manner, the State introduced testimony from two officers that Defendant argued with Officer Borden and resisted his attempts to return her to her cell. [RP 226-27] Officer Borden's testimony that he was attempting to place Defendant back in her cell after taking her to the dentist supports the fourth element that Officer Borden was a peace officer performing his duties at the time of the battery. [RP 226]

Based on the evidence just discussed, our calendar notice proposed to reject Defendant's challenge to the sufficiency of the evidence. In response, Defendant asserts without further argument that the State was only able to prove that she

committed simple battery and not battery on a peace officer. [MIO 4] Defendant also argues that she was in pain due to her infected tooth and her behavior was due to Officer Borden's unfair treatment. [Id.] Despite these arguments, Defendant's memorandum in opposition does not persuade us that our understanding of the evidence is incorrect. We therefore hold that sufficient evidence supports the district court's determination that Defendant intentionally and unlawfully applied force to Officer Borden by slapping him in the face, that her conduct resulted in actual injury and a meaningful challenge to authority, that Defendant acted in a rude, insolent, and angry manner, and that at the time Officer Borden was performing his duties as a peace officer.

**CONCLUSION**

For these reasons, we summarily affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**ROBERT E. ROBLES, Judge**